CHICAGO AND SOUTH EASTERN RAILWAY COMPANY
v. COULTER.

[No. 2,332.    Filed November 24, 1897.]

SPECIAL VERDICT.—*Form of Interrogatories.*—An objection to a special verdict, that the interrogatories were not so framed that the jury were required to find one single fact in answering each interrogatory, as provided by the act of March 11, 1895 (Acts of 1895, p. 248), will not be sustained where it is admitted that the verdict contains all the material facts necessary to sustain the judgment, and there had been no request to the court to modify the interrogatories.  *pp. 513, 514.*

RAILROADS.—*Killing Animal on Track.—Change of Venue.—Ancillary Proceeding Against Agent.—Notice.*—An action against a railroad company for the killing of a horse on the track was brought in the county in which the horse was killed, but the venue was changed, the cause was tried, and a judgment against the company rendered in another county.  At the time the judgment was rendered, the parties appearing, the plaintiff made a motion, under section 5315, Burns' R. S. 1894, that a certain local agent of the company appear and disclose the amount of defendant's money on hand, and pay the same on the judgment.  *Held,* that the motion relating to the agent could be made in the county to which the venue had been changed, and that no notice of the motion was required.  *pp. 515–517.*

From the Montgomery Circuit Court.  *Affirmed.*

*W. R. Crawford* and *U. C. Stover*, for appellant.

*William J. Darnell* and *Thomas & Whittington*, for appellee.

BLACK, J.—The appellee was awarded judgment against the appellant upon a special verdict, in an action for the recovery of the value of the appellee's horse, maimed and killed by being run against and

over by a locomotive and train of cars, operated by the appellant upon its railway track, to which the horse had entered at a place where it was not securely fenced in, the action having been commenced in the Boone Circuit Court, from which the venue was changed to the court below.

The interrogatories and answers thereto numbered two, three, and six in the special verdict, were as follows: "Two.  Did said horse, on the 27th day of November, 1895, enter upon the track of the defendant, The Chicago and South Eastern Railway Company, in Boone county, Indiana, at a point where.said track was not securely fenced in?  Answer. Yes."

"Three.  Was said horse, on said day, at said point on the track of said defendant, struck by an engine of the defendant operated by its agents and employes, and so maimed and injured that he was then and there rendered valueless, and shot and killed by the employes of said defendant?  Answer. Yes."

"Six.  Was the point where said horse entered upon the track of the defendant securely fenced in?  Answer.  No."

In discussing the assignments that the court erred in sustaining the appellee's motion for judgment on the special verdict, and in overruling appellant's motion for a *venire de novo*, counsel for appellant have called attention specially to these interrogatories and answers, and while admitting that the facts necessary to sustain appellee's case can be deduced from the verdict, refer to the provision of the statute of 1895, under which this special verdict was rendered, that the interrogatories shall be "so framed that the jury will be required to find one single fact in answering each of such interrogatories" (Acts 1895, p. 248; section 555, Supplement to Burns' R. S. 1894), and con-

tend, as we understand their brief, that though by taking certain interrogatories with their answers together it was shown that the horse was struck in Boone county, yet certain interrogatories each required the finding of more than one single fact, and it was not found in conformity with the statute that the horse was struck in that county, and that because of such irregularity the verdict was not sufficient to sustain a judgment. This objection seems to be too attenuated. The statute provided for the preparation of the interrogatories by counsel on either side of the cause, and their submission to the court, and that they should be subject to change and modification by the court. The appellant had the opportunity not less than that of the appellee to submit interrogatories. No suggestion is made that any interrogatory submitted by counsel on either side was rejected, changed, or modified, or that any objection was made to any of the interrogatories. A special verdict is not to be set aside, and the facts found in it are not to be disregarded, upon merely technical and refined criticism of its form, when in truth, it contains, as is admitted in this case, all the material facts necessary to sustain a judgment.

In discussing the question as to the sufficiency of the evidence to sustain the special verdict, the only particular part of the verdict as to which insufficiency of the evidence is claimed on behalf of the appellant is the answer to the following interrogatory: "Did plaintiff's horse enter from the cornfield north of the railroad through the gate at said private crossing on the defendant's railroad, on the 27th day of November, 1895?" The gate so referred to was situated between the appellant's right of way and the appellee's land. The jury answered: "No evidence that he did." Doubtless it was the purpose of the writer of the in-

terrogatory to inquire concerning the entry of the animal when it went upon appellant's right of way on the occasion when it was killed. This would be the only material purpose, and there was a manifest effort of counsel, on the trial, to elicit evidence that such entry was through a gate at a private crossing; but a careful examination, not only of the particular parts of the evidence to which counsel direct our attention, but also of all other portions, induces us to hold that the answer to the interrogatory in question was correct.

Upon the motion of the appellee, made upon the rendition of the judgment, as provided by the statute, section 5316, Burns' R. S. 1894 (4029, Horner's R. S. 1896), the court ordered that a certain local agent of the appellant appear, at a time directed by the court, and answer upon oath as to the amount of money in his hands belonging to the appellant, and also as to whether he was in constant receipt of money belonging to the appellant, and that a writ be issued, etc.; and said agent, at a time appointed, appeared and answered, and the court thereupon ordered him to make payments sufficient for the satisfaction of the judgment and costs. It appears by a bill of exceptions that the appellant made a motion to set aside this order directing such payments, but the bill does not show the grounds of the motion. It is said concerning this motion, in parenthesis in the bill of exceptions, that it is omitted by order of defendant's attorney. Therefore it is not before us for consideration. The judgment for the value of the animal was rendered on the 5th day of June, 1896, and on the same day after the rendition of the judgment, the parties appearing by their attorneys, the appellee filed the motion above mentioned to require the agent to appear, etc., and the court being advised, then sustained said

motion, and ordered and adjudged that said agent appear, etc., on the 8th day of June, 1896, and ordered that a writ be issued to the sheriff commanding him to summon said agent to appear on the day last above mentioned, etc. It does not appear that a writ was issued to secure the attendance of the agent at the time so specified; but in the September term, on the 8th day of September, 1896, upon the motion so filed by the appellee, it was ordered that said agent appear, etc., on the 15th day of September, 1896, and that a writ be issued, etc. At the time so designated the agent appeared and answered, and the order was made directing him to make payments in the office of the clerk of the court below. On the day on which this order was made, the appellant filed its motion above mentioned to set it aside, and on the next day this motion was overruled.

It appears by a bill of exceptions that when, on the 8th day of September, the order for the appearance of the agent and for the issuing of a writ was made, appellant was not present by its attorneys; and that the order so made on that day was made without notice to the appellant. It is assigned that the court erred in ordering the agent to appear, without notice to the appellant. The statute, 5316 (4029), *supra*, provides, that "if such cause be commenced in the circuit court of the county in which such animal or animals are killed or such injury done, the court shall, on motion of the plaintiff or plaintiffs, on the rendition of such a judgment, or afterward, at any time, when notice of such motion has been served on the railroad company defendant at least ten days before the first day of the term of the court at which such motion is to be heard, order a writ to issue, directed to the sheriff of the proper county, for any agent," etc. It is contended on behalf of the appellant, that, as the horse was not

killed in Montgomery county, the court had no juris-
diction to entertain the motion of the appellee for an
order on the agent; also, that the court had no author-
ity under the statute to make the order of the 8th of
September, 1896, without notice to the appellant and
without its appearance in court at that time.

Assuming, without deciding, that these matters are
properly presented, we cannot sustain the objections
thus urged by the appellant. The action was com-
menced in the circuit court of the county in which the
animal was killed; and upon the application of the
appellant for a change of venue, it went to the Mont-
gomery Circuit Court. We think it a reasonable con-
struction of the statute to say that when the action
has been commenced in the circuit court of the proper
county, and the judgment, as in this case, has been
rendered by the circuit court of another county to
which the venue has been properly changed, the ancil-
lary motion relating to the agent may be made in the
court in which the judgment has been rendered. Also,
where the motion relating to the agent has been made
at the time of the rendition of the judgment, the
parties to the judgment appearing, as in this instance,
no notice of the motion is required.

The ancillary proceeding instituted by the filing of
this motion had not reached its termination in the
granting or refusing of an order upon the agent to
make payments for the discharge of the judgment, but
it was still *in fieri*, when the second order for the is-
suing of a writ was made upon the motion filed when
the appellant by its attorney was in court, and the ap-
pellant was bound to take notice of all subsequent
stages of the proceeding until its final termination.

The judgment is affirmed.